# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:16-CV-847-MR

| | |
|---|---|
| SYDELL C. CONIGLIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social ) | |
| Security ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 6] and the Defendant's Motion for Summary Judgment [Doc. 8].

## I.     PROCEDURAL BACKGROUND

The Plaintiff, Sydell C. Coniglio ("Plaintiff"), asserts that her chronic adhesive bowel disease, status post multiple surgeries, recurrent small bowel obstruction, degenerative disc disease, and depression constitute mental and physical impairments under the Social Security Act (the "Act") rendering her disabled. On April 16, 2013, the Plaintiff filed an application for disability benefits under Title II and Title XVIII of the Act, alleging an onset

date of June 23, 2012. [Transcript ("T.") at 235]. The Plaintiff's application was denied initially and upon reconsideration. [T. at 132, 136, 152, 231]. Upon Plaintiff's request, a hearing was held on April 19, 2016, before an Administrative Law Judge ("ALJ"). [T. at 31-67]. Present at the hearing were the Plaintiff; Melissa Wilson, the Plaintiff's non-attorney representative; and a vocational expert ("VE"). [T. at 31, 71]. On July 5, 2016, the ALJ issued a decision, wherein the ALJ concluded that the Plaintiff was not disabled. [T. at 71-79]. On October 19, 2016, the Appeals Council denied the Plaintiff's request for review [T. at 1], thereby making the ALJ's decision the final decision of the Commissioner. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards

and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

### III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful

3

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments

("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§

404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fourth step.

## IV.   THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date, June 23, 2012. [T. at 73]. At step two, the ALJ found that the Plaintiff has severe impairments including chronic adhesive bowel disease, status post multiple surgeries, recurrent small bowel obstruction, and degenerative disc disease. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 74]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she requires the option to alternate between sitting and standing at two hour intervals and she can sustain continuous concentration on a task for two hours at a time.

[Id. at 75].

At step four, the ALJ identified Plaintiff's past relevant work as a college registered nurse at the light, semi-skilled exertional level. [Id. at 79]. The ALJ observed that "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work," "the claimant is able to perform it as actually and generally performed." [Id.]. The ALJ concluded, therefore, that Plaintiff was able to perform past relevant work and that Plaintiff was not "disabled" as defined by the Social Security Act from June 23, 2012, the alleged onset date, through July 5, 2016, the date of the ALJ's decision. [Id.].

## V.  DISCUSSION[1]

In this appeal, the Plaintiff presents three arguments as grounds for reversal of the ALJ's decision. First, Plaintiff argues the ALJ erred in failing to give "good reasons" for rejecting the opinions of one of Plaintiff's treating physicians. [Doc. 7 at 5]. Second, Plaintiff asserts that the ALJ erred in formulating the RFC assessment by failing to provide a complete function-by-function analysis of Plaintiff's nonexertional mental functions and failing to consider the limitations resulting from Plaintiff's nonsevere impairments. [Doc. 7 at 5, 13-15]. Third, Plaintiff contends the ALJ erred in failing to

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

7

mention or weigh a medical opinion by a State agency psychological consultant. [Id.]. The Plaintiff argues these errors require remand. The Defendant, on the other hand, asserts the RFC assessment and the weight assigned to the opinions of Plaintiff's treating physician were supported by substantial evidence and, if not, any error was harmless. [Doc. 9 at 5-13]. The Defendant acknowledges that the ALJ did not consider the opinion of the psychological consultant, but argues that any error was harmless. [Doc. 9 at 8-9].

    A.    **The RFC Assessment.**

Social Security Ruling 96-8p explains how adjudicators should assess a claimant's RFC. The Ruling instructs that the RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the Regulations.[2] SSR 96-8p; see also, Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite

---

[2] The functions listed in the Regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review) (citation omitted). Furthermore,

> [i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim.

SSR 96-8p (emphasis added). Title 20, Section 416.945 of the Code of Federal Regulations also prescribes the ALJ's duty to consider the "total limiting effects" of an individual's impairments: "When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment in appendix 1 of subpart P of part 404 of this chapter, we will consider the limiting effects of all of your impairment(s), even those that are not severe, in determining your residual functional capacity." 20 C.F.R. § 416.945(e) (emphasis added). The RFC assessment

> must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day,

9

> for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

SSR 96-8p. "Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

Here, the ALJ found that the Plaintiff has the severe impairments of chronic adhesive bowel disease, status post multiple surgeries, recurrent small bowel obstruction, and degenerative disc disease and that such impairments do not meet or medically equal the severity of one of the listed impairments. [T. at 73-4]. The ALJ also recognized that the Plaintiff has depression, which he found was nonsevere because "the record fails to demonstrate greater than minimal work-related limitations." [T. at 73]. Accordingly, because he found the Plaintiff to have both severe and nonsevere impairments, the ALJ was required to consider the limiting effects of all of the Plaintiff's impairments, even those that that are not severe, in assessing the Plaintiff's RFC. SSR 96-8p; 20 C.F.R. § 416.945(e).

The ALJ erred in at least two ways in formulating his RFC assessment.[3] First, the ALJ's decision in this case is lacking a complete

---

[3] The Court addresses additional ways in which the ALJ's RFC assessment may not have been based on a proper evaluation of all of the evidence in the next section below.

function-by-function analysis required by Rule 96-8p. As in Mascio, the ALJ determined what functions he believes the Plaintiff can perform, "but his opinion is sorely lacking in the analysis needed for [the Court] to review meaningfully those conclusions." Mascio, 780 F.3d at 636-37. Further, the ALJ failed to describe "how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p; Mascio, 780 F.3d at 636. Although the ALJ concluded that the Plaintiff can perform certain functions, "he said nothing about [the Plaintiff's] ability to perform them for a full work day." Id. at 637. In light of this error, remand is required. On remand, the ALJ must comply with all of the requirements of Rule 96-8p in assessing the Plaintiff's RFC.[4]

Second, the ALJ failed to demonstrate any consideration of the limiting effects, if any, of the Plaintiff's nonsevere limitation of depression as required by Rule 96-8p and 20 C.F.R. § 416.945(e). In step two of the sequential evaluation process, the ALJ describes the treatment and clinical course of the Plaintiff's depression, including reference to various medical records, the Plaintiff's own testimony, and to various psychological opinion reports. [T. at

---

[4] This includes, but is not limited to, the ALJ's conclusion that Plaintiff "can sustain continuous concentration on a task for two hours at a time," as argued by Plaintiff. [T. at 75; Doc. 7 at 13].

73-4]. Then, the ALJ concludes, in step three, that the Plaintiff does not have an impairment or combination of impairments that meets or medical equals the severity of a Listing impairment. [T. at 74]. The ALJ proceeds to describe certain particulars of the Plaintiff's severe physical impairments relative to whether they meet or medically equal the Listing impairments. [T. at 75]. The ALJ then sets forth his assessment of the Plaintiff's RFC, followed by a recitation of additional evidence regarding Plaintiff's physical impairments and the ALJ's findings and conclusions regarding that evidence. [T. at 77-8]. There is nothing in the decision, either before or after the statement of Plaintiff's RFC assessment, demonstrating that the ALJ considered the limiting effects of all of the Plaintiff's impairments, including her nonsevere impairment of depression, in determining her residual functional capacity. On remand, the ALJ must comply with the requirements of 20 C.F.R. 416.945(e) and Rule 96-8p and consider the limiting effects of all of Plaintiff's impairments, both severe and nonsevere, in determining her residual functional capacity.[5]

---

[5] Also, with respect to the ALJ's RFC assessment, Plaintiff specifically contends that it was error for the ALJ to have determined that Plaintiff's depression "caused mild limitations as to [Plaintiff's] maintaining activities of daily living and social functioning" but then to have failed to account for these "mild limitations findings in formulating the residual functional capacity." [Doc. 7 at 13-4]. The Court, however, sees no actual findings in the ALJ's decision regarding these functions other than the single observation that "[o]ther evidence shows only mild difficulties in maintaining activities of daily living, social functioning, and concentration, persistence or pace." [T. at 74]. Without any actual

**B.     The Evaluation of Opinion Evidence.**

Next Plaintiff argues that the ALJ erred in evaluating the opinions of Plaintiff's treating physician, Dr. Robert C. Bowen, III, M.D., and the opinion of a State Agency Psychological Consultant from the initial review level.  In making disability determinations, the Regulations require ALJs to consider all medical opinions of record, regardless of their source. 20 C.F.R. §§ 404.1527(c), 416.927(c); 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); SSR 06-03p (The ALJ must "consider all of the available evidence in the individual's case record in every case.").  "The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  SSR 96-8p.

**1.     The Opinions of Plaintiff's Treating Physician.**

Plaintiff argues that the ALJ failed to state good reasons for rejecting the opinions of Plaintiff's long-time treating physician, Dr. Bowen.  [Doc. 7 at 8].  The ALJ must always give "good reasons" in his decision "for the weight

---

findings or conclusions with respect to these functions, or the bases therefore, the Court is without sufficient basis to conduct any meaningful review on this issue.  See Mascio, 780 F.3d at 637.

given to a treating source's medical opinion(s), i.e., an opinion(s) on the nature and severity of an individual's impairment(s)." SSR 96-2P. Furthermore, for treating source opinions:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, <u>supported by the evidence in the case record</u>, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

<u>Id.</u> (emphasis added). Generally speaking, more weight will be given to an opinion of a medical source who has examined the claimant than to a non-examining source. 20 C.F.R. § 404.1527(c). Further, more weight will generally be given to opinions from a claimant's treating sources than from sources rendering an opinion based upon a single or limited examination of a claimant. <u>Id.</u>

Dr. Bowen is a specialist in the field of internal medicine. At the time of providing his opinions in 2013, Dr. Bowen had been treating the Plaintiff for over 10 years, seeing her approximately 5 to 6 times per year. [T. at 1162-63, 69]. Dr. Bowen provided several medical source statements [T. at 1021, 1162-71, 1232-37, 1238-40], opining that Plaintiff was limited to lifting and carrying a maximum of 10 pounds and to no bending, squatting, kneeling and turning; and that Plaintiff's pain was of an intensity of 7 to 10, on a scale

of 0 to 10, on a daily basis. [T. at 78]. The ALJ gave "little weight to the medical source statements submitted by Dr. Bowen," but provides no citation to the record evidence in support of this assessment. The ALJ reasoned that Dr. Bowen's "extreme limitations are not supported by his treatment notes or the findings of Dr. Mills[6] or Dr. Holtzmuller.[7]" The ALJ further notes that, "Dr. Bowen also completed a Mental Residual Functional Capacity Assessment, in which [Dr. Bowen] stated that the claimant had 'marked' to 'extreme' limitation in Understanding and Memory, Sustained Concentration and Persistence, and social functioning (Exhibit 20F/3)." [T. at 78]. Again without citation to the record evidence, the ALJ concluded that "[t]hese findings contradict the findings of Dr. Ritterspach and are not supported by treatment notes." Id. Having cited to Dr. Ritterspach's findings to dismiss Dr. Bowen's conclusions, however, the ALJ then gave "little weight" to Dr. Ritterspach's conclusions "that the claimant would have below-average ability to relate to others due to medical problems and also opined that [Plaintiff] may have difficulties in tolerating the mental stress and pressures associated with daily

---

[6] Dr. Mills performed a single physical consultative examination of the Plaintiff in June 2013. [T. at 77, 1152-58].

[7] Dr. Holtzmuller is a gastroenterologist. The record shows that the Plaintiff saw Dr. Holtzmuller twice for treatment, once in June of 2015 and once in February of 2016. [T. at 78, 1175-77, 1205-15].

15

work activity (Exhibit 16F/3)." [T. at 74]. The Court is without basis to reconcile this apparent inconsistency whereby the ALJ rejected a medical opinion based on its contradiction with another medical opinion to which the ALJ has assigned "little weight."

In short, the ALJ failed to satisfy Rule 96-2P by failing to provide good, specific reasons in his decision for the weight he ascribed to Dr. Bowen's opinions and failed to explain how Dr. Bowen's opinions actually conflict with the findings of Drs. Mills, Holtzmuller, or Ritterspach. These errors are particularly evident in the rejection of Dr. Bowen's opinions based on their conflict with Dr. Ritterspach's opinions as noted above. As such, the ALJ's conclusion regarding the weight of Dr. Bowen's medical opinions was not supported by substantial evidence.

### 2. The Opinion of the Initial State Agency Psychological Consultant.

Plaintiff also assigns error to the ALJ's failure to consider and weigh the opinion of the initial State agency psychological consultant. ALJs must consider the opinions of State agency psychological consultants according to 20 C.F.R. §§ 404.1527 "because [ ] State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a. Therefore, like other medical source opinions, the ALJ must weigh the opinions of State agency psychological

16

consultants under the rules set out in 20 C.F.R. § 404.1527, <u>providing appropriate explanations for accepting or rejecting such opinions</u>." SSR 96-5p (emphasis added).

In this case, the ALJ failed to even mention the existence of the opinion of the initial State agency consultant in his decision. [<u>See</u> T. at 74]. Accordingly, the Court can only conclude that the ALJ failed to consider or weigh this opinion. On remand, the ALJ must undertake to consider and weigh this opinion in accordance with 20 C.F.R. §§ 404.1513a and 404.1527 and SSR 96-5p. Compliance with these Regulations must be properly reflected in the ALJ's decision.

## VI. CONCLUSION

For the reasons stated, remand is required. On remand, the ALJ shall: (1) conduct a proper function-by-function analysis of the Plaintiff's residual functional capacity; (2) consider the limiting effects of all of Plaintiff's impairments, whether severe or nonsevere, in formulating his residual function capacity assessment; and (3) properly weigh all medical opinions, including but not limited to the medical opinions of Plaintiff's treating doctor and of the State agency psychological consultant, as more fully set forth in this opinion.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 6] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 8] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS ORDERED.**

Signed: March 5, 2018

Martin Reidinger
United States District Judge